UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY JACKSON<br><br>                    Plaintiff,<br><br>v.<br><br>CA RAGS II, INC. dba LA TAPATIA, et al.<br><br>                    Defendants. | Case No.:  20cv1628-LAB (MSB)<br><br>**ORDER OF DISMISSAL FOR FAILURE TO SERVE AND FAILURE TO PROSECUTE** |

Plaintiff filed his complaint on August 21, 2020, and a summons was issued the same day. Plaintiff is bringing claims under the Americans with Disabilities Act for barriers he allegedly encountered at La Tapatia Mexican restaurant in Escondido, California. Other than responding to the Court's order to show cause regarding jurisdiction, he took no action to prosecute his claims for several months. On January 6, Augustus Charos filed an answer that raised, among other things, insufficiency of process and insufficiency of service of process.[1] The answer gave

---

[1] Neither the complaint nor the answer makes clear whether, in addition to CA Rags II, there are one or two other Defendants, or if so, what their names are. The Defendant or Defendants are simply identified as "Charos Augustus & Mae

Augustus' address as Somerset, Massachusetts, and the return address and postmark on the envelope identified it as being sent from Rhode Island. It is unclear what Charos' relationship to the trust is, or if he believes he is a Defendant in this action. The answer is terse, and does not suggest that Charos is aware of the substance of the claims. Plaintiff has not named a trustee as Defendant, nor has he identified Charos or anyone else as a trustee.

The Court, seeing no evidence any Defendants had been properly served, ordered Plaintiff to show cause why the action should not be dismissed for failure to serve and failure to prosecute.

Prompted by the Court's order, Plaintiff filed a return of service on Defendant CA Rags II, Inc. and on the trust. He also requested entry of default against CA Rags II. The proofs of service, request for default, and response to the Court's order all show that neither Defendant has been properly served. Even if they had been, service was accomplished after the time limit under Fed. R. Civ. P. 4(m) had expired. The Clerk was previously directed not to enter default. *See Nutrition Distribution LLC v. MuscleGen Research Inc.*, 2018 WL 9539243, slip op. at *3 (S.D. Cal., Nov. 13, 2018) (entry of default is unavailable if defendants have not been adequately and timely served with process).

Plaintiff's response (Docket no. 14) says that he forwarded the summons and complaint to a process server in early September, 2020. The process server was unable to contact either of the Defendants or serve them, so Plaintiff says that the server instead sent by certified mail the summons and complaint to CA Rags'

---

Revocable Trust Charos Glenn W & Sandra H." The answer refers to "Defendants," implying that Charos believes there are more than one. However, the proof of service was sent to one Defendant only, implying that Plaintiff believes that the two named Defendants are CA Rags and the trust. For purposes of this order, the Court accepts Plaintiff's representation that the only Defendants are CA Rags and the trust.

agent for service of process, and to the trust. The returns of service showed proof of mailing, but not proof of receipt. Plaintiff took the position that both Defendants were served on December 4, which was after the deadline for service of process. No reason for the process server's difficulty is identified, nor is any apparent.

CA Rags' address and those of its officers are matters of public record. The California Secretary of State's website shows that CA Rags' address is the same as the restaurant's, in Escondido. The company's agent for service of process is Tori A. Ritchey, whose address is in San Marcos.[2] The return of service, however, shows that the summons and complaint were mailed to Ritchey at the restaurant's address. Plaintiff could have served CA Rags at its Escondido address, or its agent Ritchey at her San Marcos address. But instead, he sent mail to Ritchey at the restaurant's address. Mail sent to an attorney at a client's address is unlikely to be delivered to be delivered promptly, if at all. In all probability the letter would either be greatly delayed or discarded.

The return of service on the trust shows that Plaintiff mailed the summons and the complaint to the trust itself (rather than a trustee or agent), at an address in Cocoa Beach, Florida. Plaintiff has not pled facts showing that the trust can be sued in its own name, rather than through a trustee. *See Ziegler v. Nickel*, 64 Cal. App. 4th 545, 548 (1998) (holding that, under California law, a trust is a fiduciary relationship, not a person or entity). Assuming that the trustee is the proper Defendant, Plaintiff has named and served the wrong Defendant. But even assuming the trust itself is a proper party under some theory Plaintiff has not identified, Plaintiff does not show that he served it. He does not explain who lives or works at the Cocoa Beach address, or who the trustee of the trust is. The trustee

---

[2] The California Bar website lists Toni A. Ritchey as a licensed attorney with an office address in San Marcos. It is likely, though not certain, that this is the same person.

*may* be Charos, although if that is so, Plaintiff never named him as a Defendant. Because the summons and complaint were directed to the trust rather than a trustee, Charos has not been properly served.

The Court, noting that neither return of service included proof of delivery, ordered Plaintiff to file proofs of delivery as to both Defendants. In response, he has lodged, not signed receipts, but electronic tracking information. The tracking printout regarding the summons and complaint sent to CA Rags (Docket no. 16) shows that the papers were still in transit on December 4 and would be arriving late, but does not show when they were actually delivered. The tracking printout regarding the summons and complaint sent to the trust (Docket no. 17) shows that they were forwarded from Cocoa Beach, Florida and delivered December 4 somewhere in Somerset, Massachusetts. Neither printout shows the address the papers were delivered to, or the names or signatures of the people who received them.

Mailing a summons and complaint, without evidence of its being received by the person to be served, does not suffice under California law. *See* Cal. Civ. Proc. Code § 416.10 (permitting service on a corporation by delivery of a copy of the summons and complaint to various approved agents); *Liebovich v. Shahrokhkhany*, 56 Cal. App. 4th 511, 518 (Cal. App. 2 Dist. 1997) ("Because there was no admission of receipt in this case, service by certified mail did not establish or amount to personal delivery.") Assuming, *arguendo*, that the trust is located in Florida and could be served with process as provided under Florida law, certified mailing is insufficient in this instance, particularly where its receipt is unacknowledged. *See Dixon v. Blanc*, 796 Fed. Appx. 684, 687–88 (11th Cir. 2020) ("[T]he Florida Rules generally permit service of process by certified mail only if the defendant agrees to waive personal service.") And assuming, *arguendo*, that the trust is located in Massachusetts and could be served with process as provided under Massachusetts law, service by certified mail is likewise improper. *See*

Gedeon v. City of Springfield, 2019 WL 7598692, slip op. at *3 (D. Mass. Sept. 30, 2019) (citing Mass. R. Civ. P. 4(d)(2)) (holding that certified mail is not an acceptable form of service on an association under Massachusetts law).

Plaintiff concedes he missed the deadline for service. He has failed to show that he properly or timely served either Defendant since then, and has not shown good cause for his failure. Unless the Court extends the time for service, dismissal is required. Fed. R. Civ. P. 4(m).

Even though Plaintiff has neither requested an extension of time to complete service nor shown good cause for an extension, the Court has discretion to grant it. *See Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). The Court considers factors such as a statute of limitations bar, prejudice to the defendant, actual notice of the lawsuit, and eventual service. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

Here, Plaintiff's principal claim is for injunctive relief so that he can patronize the restaurant. If the restaurant is still non-ADA compliant, his continuing inability to patronize it prevents the statute of limitations on his ADA claim from expiring. On the other hand, if the restaurant has become compliant in the meantime, he has obtained everything he is entitled to under the ADA. Plaintiff is also bringing supplemental state law claims, but it does not appear those would be time-barred. It also bears emphasis that San Diego County is under severe COVID-19 related restrictions, preventing most restaurants from offering seated food service to their customers, and it is unclear when this will end. Plaintiff likely has little need for an injunction while restrictions are in place.

Augustus Charos has apparently gotten wind that a case is pending against the trust, and is attempting to forestall entry of judgment. However, his connection to the trust is not explained. It is unclear whether the trustee — whoever that is — has actual notice of the lawsuit. There is no reason to believe CA Rags knows about it. Because the lawsuit concerns events that occurred when Plaintiff visited

the restaurant last summer, delay makes the case increasingly difficult for Defendants to defend. With the passage of time, it becomes vanishingly unlikely that Defendants will be able to interview restaurant staff who were present during his visit, in order to determine whether his account is accurate. Furthermore, without adequate notice, they have had no reason to preserve evidence of what happened or what conditions were present in the restaurant on that day.

Plaintiff knows where the restaurant is, who CA Rags' officers are and where they can be found, and the identity of its agent. Plaintiff's response vaguely refers to inability to find and serve Defendants. But in view of Plaintiff's failure to take obvious steps, his failure to serve CA Rags is not excusable. Because he has not shown what steps, if any, he took to find out how to serve the trust, he has also not shown excusable neglect for failure to serve it.

The Court declines to extend the time for service. This action is **DISMISSED WITHOUT PREJUDICE** for failure to serve, and for failure to prosecute.

**IT IS SO ORDERED**.

Dated: January 25, 2021

*Larry A. Burns*
Honorable Larry Alan Burns
United States District Judge